## ELLIOTT v. SLOAN, ET AL.*

(No. 1401; Feb. 8, 1927; 251 Pac. 955.)

APPEAL AND ERROR—SPECIFICATIONS OF ERROR—APPEAL FROM ORDER GRANTING NEW TRIAL.

    1. Original respondents, appealing from order granting original appellants a new trial, *held* not required to specify errors, as original errors presented question involved and only additions to record required being order granting new trial, and notice of appeal from such order, in view of Comp. St. 1920, §§ 6402, 6406, 6408–6410, governing direct appeals.

*See Headnote:   (1)   3 C. J. p. 1341 n. 48; 4 C. J. p. 1907 n. 1.

APPEAL from District Court, Platte County; PERCY W. METZ, Judge.

Action by J. A. Elliott, receiver of the Platte County State Bank, an insolvent banking corporation, against W. E. Sloan, U. S. Jones, Wm. L. Ayers, and others. On plaintiff's appeal from judgment for the two defendants last named, a new trial was granted by the trial court, and said last-named defendants appeal. Heard on motion to dismiss.

*O. O. Natwick* and *W. B. Jones,* for the motion. No brief.

*Kinkead, Ellery & Henderson,* contra.

The appeal is from an order granting a new trial, after record on appeal had been perfected by the now respondents; the specifications of error filed by the now respondents, being in effect a motion for new trial, appellants appeal from the order granting new trial under 6410 C. S.; the motion is based upon the fact that appellants did not file or serve specifications of error; it is our contention that new specifications of error are not required under the circumstances; 6408, 6410 C. S. In appeals of this character, the only specifications of error that could be urged would be that the court erred in granting a

new trial; appeals of this class do not require specifications of error in the admission or exclusion of evidence, or other errors of law in the trial proceeding; there being no statute or rule of court on the subject, specifications of error cannot be considered jurisdictional; Hansen v. Ry. Co., 29 Wyo. 421. The appeal should be considered without the specifications of error, and the motion overruled.

POTTER, Justice.

This case has been heard upon a motion to dismiss the appeal upon which the cause is pending in this court. That appeal was taken in the district court from an order granting a new trial upon a consideration of the specifications of error filed as a part of the record on the appeal previously taken in the cause by the respondent now here, J. A. Elliott, Receiver of Platte County State Bank. Said Elliott was the original plaintiff in the cause and W. E. Sloan, Charles R. Mason, U. S. Jones, B. F. Yoder, Otto E. Rouse, and William L. Ayers were the original defendants. Some of those not having been brought into the case by service nor having appeared, judgment was rendered upon a trial of the cause dismissing the action upon the merits and awarding judgment for costs in favor of defendants U. S. Jones and William L. Ayers. From that judgment the plaintiff Elliott, Receiver as aforesaid, appealed to the Supreme Court under the direct appeal statute, and filed his specifications of error complaining of the judgment as follows:

1. The findings and judgment are against and contrary to the law. 2. The findings and judgment are against and contrary to the evidence. 3. The court erred in entering judgment for defendants.

Upon a consideration of those specifications of error as provided by statute, the trial court granted a new trial, stating in his said order:

"Whereas, I have reviewed the record on appeal and have considered the specifications of error, and determined that the party appealing is entitled to a new trial of the issues in said cause. Now, therefore, it is hereby ordered that a new trial of said cause be had de novo, and the plaintiff in said cause is hereby granted a new trial. To all of which the defendants except."

That occurred on May 19, 1926, and within the proper time there after the defendants, U. S. Jones and William L. Ayers served and filed their notice of appeal from the said order granting a new trial. Thereupon, their said notice of appeal, together with the order showing the action of the court upon the specifications of error, as well as with the original specifications and the record on appeal as originally filed, were transmitted to this court properly authenticated.

The motion to dismiss is made upon the sole ground stated therein that these appellants have neglected and failed to serve and file specifications of error. And the sole question for consideration is whether it is the duty of original respondents in a direct appeal when appealing from an order granting a new trial of the action upon the original specifications of error, to file specifications of error stating the particular grounds of their appeal from said order.

We think no such duty devolves upon such appellants. But the questions to be considered in disposing of their appeal are those presented by the specifications of error filed by the original appellant or appellants, considered and acted upon by the district court in granting the new trial. Specifications of error are provided for by the direct appeal statute (Comp. Stat. 1920, Secs. 6406, 6408 and 6409), first in requiring (Sec. 6408) that the appellant (meaning the one who appeals from the judgment or final order upon the trial or disposition of the cause) shall, within ten days after the record on appeal is prepared and filed, serve upon the adverse party and file

with the clerk specifications of error relied upon for a reversal of the cause on appeal; second, that such specifications of error, when filed, shall be authenticated by the certificate of the clerk and attached to the record on appeal and thereupon become a part of the record (Sec. 6406); and, third, specifying the method of serving the specifications of error as well as the notice of appeal (Sec. 6409).

It is then provided (Sec. 6410) that within five days after the specifications of error are filed the clerk shall notify the judge that the record on appeal is perfected and on file in his office, and that "it shall thereupon become the duty of such judge, within fifteen days after receiving such notice, to review the record on appeal and consider the specifications of error, and if such district judge shall determine that the party appealing is entitled to a new trial * * * * he shall make and enter an order * * * * granting the party appealing a new trial, in which event the record shall remain with the clerk * * * * for trial in said court, unless the respondent shall appeal * · * * * from the order * * * * granting the appellant a new trial, in which event the record on appeal, as perfected, shall constitute the record on appeal in the cause. * * * * If the judge of the district court shall within the time limited by this chapter, grant the party appealing a new trial and the other party shall appeal from such order, the clerk * * * * shall attach to the record on appeal, as prepared, said order and forthwith transmit the whole of such record to the clerk of the supreme court, and the party so appealing from such order granting a new trial shall be designated 'appellant' and the opposite party 'respondent.' Such appeal shall be perfected by serving a notice of appeal in writing on the opposite party in the same manner as is provided by the provisions of Section 6402."

Thus the only addition to the record provided for in the case of an appeal from the order granting a new trial

is the order granting the new trial and the notice of appeal from such order. And we think it apparent that the specifications of error filed by the original appellant upon which the order for a new trial was granted must be regarded as all that is necessary to present the questions to arise upon the appeal from the order for the new trial. In Allen v. Lewis, 26 Wyo. 85, 177 Pac. 433, this court said:

"The direct appeal statute does not provide for making" a motion for a new trial "but substitutes therefor specifications of error and the provisions aforesaid for a consideration thereof by the district court, without, however, requiring the record of any decision thereon unless a new trial be granted. That is to say, if a new trial is not granted, so as to retain the cause in the district court, the specifications of error will come directly before this court for consideration upon the submission of the cause here upon the record. * * *. And the obvious reason for fixing a time for such consideration by the trial court was to prevent the provision therefor itself causing unnecessary or unreasonable delay. And to further promote the purpose aforesaid, while providing for a review of the record by the trial court upon the specifications of error it is also provided that an appeal may be taken from an order granting a new trial, and upon the same record as to the proceedings prior to such order. * * * And an appeal may be taken from the order granting a new trial as provided in the section, the same as if the order had been made within the twenty day period (for retaining the cause in the district court) though the time therefor will be determined by the date of the entry of such order."

In that case, an appeal was taken from an order granting a new trial and it was heard in this court without the filing of additional specifications of error, and without any suggestion that any further specifications of error might be necessary. And the court considered the cause upon the merits of that appeal, assuming that the specifi-

cations of error on plaintiff's appeal from the judgment challenging the evidence and judgment as contrary to law and not sustained by sufficient evidence and specifying each conclusion of law and most of the rulings as error, as presenting the questions to be considered. Thus, it was said in the opinion:

"The order granting a new trial from which the present appeal is taken assigns no specific reasons therefor; it recites merely that having considered the specifications of error and read the record and briefs and heard the arguments of counsel, the court finds that the plaintiff is entitled to a new trial, and thereupon directs that the cause be tried de novo. But counsel have assumed that the ground upon which a new trial was ordered was or may have been that the court had erred either in the exclusion of evidence * * * or in the conclusion of law that the judgment in the former action was not res judicata * * *. But whatever the information or supposition of counsel as to the ground inducing the district court to grant a new trial, since the record discloses nothing in that respect except that upon a consideration of the specifications of error and the arguments of counsel and a review of the record the court found that the plaintiff was entitled to a new trial, no ground can properly be excluded from our consideration that might be found sufficient to justify the order, if, indeed, the exclusion of any such ground would be proper under any other circumstances."

And this court considered the grounds alleged in the specifications filed by the original appellant in determining the disposition to be made of the cause and affirmed the order granting a new trial. Thus, the court said further:

"One of the grounds alleged in the specifications of error for a reversal of the judgment was that the evidence was insufficient to sustain the findings and judgment. When passing upon such a ground in considering the question of a new trial, the trial court is allowed a large

discretion. And we think that a new trial might properly have been granted upon that ground alone.''

Convinced as we are that it was unnecessary for the present appellants to file additional specifications of error in order to perfect their appeal from the order granting the new trial, the motion to dismiss on the ground that no such specifications were filed will be denied.

*Motion to Dismiss Denied.*

BLUME, Ch. J., and KIMBALL, J., concur.